UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Micheline Hammouda,<br><br>    Plaintiff,<br><br>        v.<br><br>United States Department of Justice<br>Office of Information Policy,<br><br>    Defendant. | Civil Action No. 12-0130 (JDB) |

**MEMORANDUM OPINION**

In this action brought *pro se* pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, plaintiff initially challenged the failure of the Department of Justice's Office of Information Policy ("OIP") to produce records pertaining to her criminal trial, particularly a contract for sale she alleges was used to convict her.[1]  Compl. ¶¶ 1-2.  Since the complaint referred also to the Federal Bureau of Investigation ("FBI"), OIP located plaintiff's request to the FBI and determined that the FBI had processed and released responsive records.  Hence, defendant moves for summary judgment under Rule 56 of the Federal Rules of Civil Procedure on claims arising out of plaintiff's FOIA requests to OIP and the FBI.  Def.'s Mot. for Summ. J. ("Def.'s Mot.") [Dkt. # 12].  Plaintiff has opposed defendant's motion with respect to both requests.  *See* Objections to Def.'s Mot. for Summ. J. ("Pl.'s Opp'n") [Dkt. # 14].  Upon

---

[1]  Plaintiff is a federal prisoner serving a life sentence imposed in 2000 for "murder for hire and conspiracy to commit murder for hire . . . and intentionally committing and threatening physical violence to a person in furtherance of a plan to obstruct and affect commerce ("Hobbs Act robbery") and robbery conspiracy . . . ."  *Hammouda v. U.S.*, No. 02CV 3103 (SJ), 2006 WL 941759, at *1 (E.D.N.Y. Apr. 10, 2006).

1

consideration of the parties' submissions and the entire record, the Court will grant defendant's motion and enter judgment accordingly.

## BACKGROUND

1. <u>Plaintiff's Request to OIP</u>

By letter of February 24, 2011, addressed to OIP, plaintiff requested "a complete and thorough search of all filing systems and locations for all my records maintained by your agency; including, all documents and where appropriate 'main' files and 'See References'." Decl. of Vanessa R. Brinkmann ("Brinkmann Decl.") [Dkt. # 12-2], Ex. A.

By letter of April 14, 2011, OIP informed plaintiff that it maintains records only of DOJ's "senior leadership offices" and "adjudicates administrative appeals of denials of FOIA/PA requests made to [DOJ]." *Id*., Ex. B. Hence, it "typically" does not maintain records on individuals and "[a]s such, . . . would not maintain the records you are seeking." *Id*., Ex. B. OIP "advised [plaintiff] that [DOJ] has a decentralized system for processing" FOIA and Privacy Act requests "and each component of the Department maintains its own records." *Id*. It further stated that "because you are seeking records from [DOJ], you need to direct your letter to the Department component(s) you believe have records pertaining to the subject of your request." *Id*.

OIP informed plaintiff that it was enclosing a copy of DOJ's FOIA reference guide, "which provides guidance for making FOIA and Privacy Act requests" to DOJ and "contains a listing of [DOJ] components, with a brief description of their functions[,] the records they maintain[,] [and] the addresses of their FOIA offices." *Id*. Finally, OIP advised plaintiff that if she still wanted that office to process her request, the ensuing search "would only locate administrative files associated with prior FOIA requests and administrative appeals you may

have submitted to this Office," and reminded plaintiff that [none of] the senior leadership offices for which OIP processes FOIA requests . . . typically maintain[s] records on individuals." *Id*. at 2. Eventually, OIP conducted a search of its tracking system and informed plaintiff by letter of June 27, 2011, that it had located no responsive records. *Id*., Ex. C. Plaintiff appealed OIP's decision to OIP's Director, who by letter of September 19, 2011, informed plaintiff that the decision of OIP's Initial Request Staff "was correct and that it conducted an adequate, reasonable search for [responsive] records . . . ." *Id*., Ex. F.

    2. Plaintiff's Request to the FBI

By letter of September 24, 2011, plaintiff submitted the same request to the FBI that she had submitted to OIP. Second Decl. of David M. Hardy ("Hardy Decl.") [Dkt. # 12-1], Ex. A. Following a search of its "main files in the Central Records System ["CRS"]," the FBI informed plaintiff by letter of October 5, 2011, that it had located no responsive records and that it was "unable to access the manual indices of FBI Headquarters at this time as they are currently being prepared for automation." *Id*. ¶ 21 & Ex. B. Plaintiff appealed that decision to OIP, Ex. C, which affirmed the FBI's determination by letter of November 23, 2011. *Id*., Ex. E. Plaintiff filed this civil action on January 26, 2012.

In response to plaintiff's complaint, the FBI conducted a more expansive search of its CRS "to include cross-references to plaintiff in files indexed under other names," and located 76 responsive pages in files referencing plaintiff. Hardy Decl. ¶¶ 12, 14, 21. By letter of August 1, 2012, the FBI released 60 pages to plaintiff in whole or in part, and withheld the remaining 16 pages in their entirety. *Id*. ¶ 25; Ex. G (release letter); Ex. H ("*Vaughn* index").[2] The FBI

---

[2] A *Vaughn* index is a description of records, or portions of records, withheld by the agency in response to a FOIA request, along with an explanation of the reason for the agency's nondisclosure. *See Vaughn v. Rosen*, 484 F.2d 820, 827 (D.C. Cir. 1973). Defendant's "index"

withheld information under FOIA exemptions 6, 7(A), 7(C), 7(D), 7(E) and 7(F), *see* 5 U.S.C. § 552(b), and under Privacy Act exemption (j)(2), *see* 5 U.S.C. § 552a.  *Id*., Exs. G, H.

## LEGAL STANDARD

Summary judgment is appropriate when the pleadings and the evidence demonstrate that "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The party seeking summary judgment bears the initial responsibility of demonstrating the absence of a genuine dispute of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The moving party may successfully support its motion by "citing to particular parts of materials in the record, including . . . documents, electronically stored information, affidavits or declarations . . . admissions . . . or other materials" that it believes demonstrate the absence of a genuine issue of material fact.  Fed. R. Civ. P. 56(c); *see also Celotex*, 477 U.S. at 323.

"FOIA cases typically and appropriately are decided on motions for summary judgment." *Defenders of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009).  FOIA requires federal agencies to release all records responsive to a proper request except those protected from disclosure by any of nine enumerated exemptions set forth at 5 U.S.C. § 552(b). The disclosure requirement generally covers only those records that are in the agency's custody and control at the time of the FOIA request.  *McGehee v. Central Intelligence Agency*, 697 F.2d 1095, 1110 (D.C. Cir. 1983).  A district court is authorized "to enjoin [a federal] agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."  5 U.S.C. § 552(a)(4)(B); *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 139 (1980).

---

consists of the 60 pages released in whole or in part and 16 deleted page sheets in place of the withheld pages.

The agency has the burden of proving that "each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements." *Goland v. Cent. Intelligence Agency*, 607 F.2d 339, 352 (D.C. Cir. 1978) (internal citation and quotation marks omitted); *accord Maydak v. U.S. Dep't of Justice*, 218 F.3d 760, 764 (D.C. Cir. 2000). The district court may award summary judgment to an agency solely on the basis of information provided in affidavits or declarations that describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Cas*ey, 656 F.2d 724, 738 (D.C. Cir. 1981); *accord Vaughn v. Ros*en, 484 F.2d 820, 826 (D.C. Cir. 1973); *Beltranena v. Clinton*, 770 F. Supp. 2d 175, 182 (D.D.C. 2011). Agency declarations are accorded "a presumption of good faith . . .," *Long v. U.S. Dep't of Justice*, 450 F. Supp. 2d 42, 54 (D.D.C. 2006) (citation and quotation omitted), and to rebut them plaintiff "must point to evidence sufficient to put the Agency's good faith into doubt." *Ground Saucer Watch, Inc. v. C.I.A.*, 692 F.2d 770, 771 (D.C. Cir. 1981).

**DISCUSSION**

1. The Scope of This Litigation

As an initial matter, plaintiff refers for the first time in her opposition to a FOIA request that she submitted to the Executive Office for United States Attorneys ("EOUSA"), Pl.'s Opp'n at 1, and she requests in a surreply that "she be granted leave to amend her Complaint to add EOUSA and/or the FBI as defendants." Sur-reply [Dkt. # 19] at 5. Both parties have proceeded as though the FBI is a defendant and have briefed the relevant issues. Hence, plaintiff's request to add the FBI as a defendant is moot.

Plaintiff's request to add EOUSA presents a new matter altogether.  Plaintiff attaches to her opposition a letter dated October 17, 2011, in which EOUSA acknowledged plaintiff's request, assigned it a number, and generally explained how it processes FOIA requests and the fee requirements.  Pl.'s Opp'n, Ex. A.  Plaintiff suggests that her request to OIP constituted a FOIA request to all DOJ components.  *See* Surreply at 1.  But she has either misunderstood or simply ignored OIP's response letter that explained its limited function and correctly advised her to contact the DOJ component(s) that might have records responsive to her request.  Brinkmann Decl., Ex. B; *see Antonelli v. Fed. Bureau of Prisons*, 591 F. Supp. 2d 15, 19 n.3 (D.D.C. 2008) ("Defendants rightly argue that OIP, the Administrative Appeals Unit for DOJ, . . . is not a proper party because the FOIA authorizes actions against federal agencies only.") (citation omitted).  Contrary to what plaintiff espouses, FOIA does not require OIP "to have 'clairvoyant capabilities' to discover the requester's need."[3]  *Hudgins v. IRS*, 620 F. Supp. 19, 21 (D.D.C. 1985), *aff'd*, 808 F.2d 137 (D.C. Cir. 1987) (citation omitted).  The Court finds that OIP's response to plaintiff's request was appropriate.

Since plaintiff did not (1) mention her request to EOUSA in the complaint, (2) name EOUSA as a defendant in this action, or (3) seek to amend the complaint earlier in this litigation to add a claim against EOUSA, the Court finds that any claim predicated on plaintiff's request to EOUSA is beyond the scope of this action.  *See Hall v. Admin. Off. of U.S. Courts*, 496 F. Supp. 2d 203, 207 n.4 (D.D.C. 2007) ("Reliance on the [new statutory action] at this late date . . .

---

[3]  An agency's disclosure obligations under FOIA are triggered by its receipt of a request that "reasonably describes [the requested] records" and "is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed." 5 U.S.C. § 552(a)(3)(A). Under DOJ regulations, a FOIA request is properly submitted by "writing directly to the Department component that maintains those records" or if unknown, by sending the request "to the FOIA/PA Mail Referral Unit, Justice Management Division . . .," which "will forward [the] request to the components it believes most likely to have [responsive] records." 28 C.F.R. § 16.3 (referring requesters to the Department's Freedom of Information Act Reference Guide available online).

6

where plaintiff has made no effort to amend his complaint to add a new claim, is misplaced.") (citing cases). Plaintiff is free to file a new action if she is dissatisfied with EOUSA's response after exhausting her administrative remedies by appealing any adverse decisions to OIP and obtaining a final agency decision. *See Hidalgo v. FBI*, 344 F.3d 1256, 1258-59 (D.C. Cir. 2003) (stating that "as a jurisprudential doctrine, failure to exhaust precludes judicial review" if a merits determination would undermine the purpose of permitting an agency to review its determinations in the first instance).

    2. The FBI's Claimed Exemptions

Plaintiff only challenges the FBI's invocation of FOIA exemption 7(A) "[i]n light of the age of the[] [requested] documents . . . from 9 to 11 years old," and its invocation of FOIA exemption 7(E) "in light of [her] allegations of governmental wrongdoing regarding evidence tampering in her criminal trial." [4] Pl.'s Opp'n at 2. Since defendant has at times asserted these contested exemptions in conjunction with the uncontested exemptions, the Court will address all of the claimed exemptions.

FOIA Exemption 7

Exemption 7 protects information compiled for law enforcement purposes when its disclosure would cause one or more of the harms listed therein. Plaintiff requested records pertaining to her criminal prosecution and trial, and Hardy confirms that "[t]he records responsive to plaintiff's request are maintained in files compiled in furtherance of the FBI's on-

---

[4] In her opposition, plaintiff refers to the FBI's initial "no records" response dated October 5, 2011, presumably as background information. Pl.'s Opp'n at 2. Although plaintiff does not appear to question the FBI's search conducted during the course of this litigation, the Court nevertheless finds from Hardy's description of the search that the FBI "conducted a search reasonably calculated to uncover all relevant documents." *Morley v. CIA*, 508 F.3d 1108, 1114 (D.C. Cir. 2007); *see* Hardy Decl. ¶ 21 (explaining that the FBI's main and cross-reference files were searched utilizing a "four-way phonetic breakdown of [plaintiff's] name" and her date of birth and that the expanded search "located several responsive reference entries in FBIHQ and Field Office files[,]" which resulted in the identification of 76 responsive pages).

going criminal investigations of various third parties." Hardy Decl. ¶¶ 23, 30. Hence, the Court finds the threshold law enforcement requirement satisfied. *See Blackwell v. FBI*, 646 F.3d 37, 40 (D.C. Cir. 2011) ("To show that the disputed documents were 'compiled for law enforcement purposes,' the FBI need only 'establish a rational nexus between the investigation and one of the agency's law enforcement duties and a connection between an individual or incident and a possible security risk or violation of federal law.' ") (quoting *Campbell v. Dep't of Justice*, 164 F.3d 20, 32 (D.C. Cir. 1998)).

Exemption 7(A)

Exemption 7(A) shields from disclosure law enforcement records "to the extent that the[ir] production . . . could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A). " 'To fit within Exemption 7(A), the government must show that (1) a law enforcement proceeding is pending or prospective and (2) release of the information could reasonably be expected to cause some articulable harm.' " *Goodrich Corp. v. U.S. E.P.A.*, 593 F. Supp. 2d 184, 193 (D.D.C. 2009) (quoting *Manna v. Dep't of Justice*, 51 F.3d 1158, 1164 (3d Cir. 1995)); *see Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1114 (D.C. Cir. 2007) (clarifying that "[t]he enforcement proceedings need not be currently ongoing; it suffices for them to be 'reasonably anticipated' " ) (quoting *Mapother v. DOJ*, 3 F.3d 1533, 1540 (D.C. Cir. 1993)). "[T]he government's affidavit must provide information that 'explain[s] to the district court how the release . . . would interfere with enforcement proceedings,' in contrast to a bare assertion that an enforcement action would be harmed by disclosure." *United America Financial, Inc. v. Potter*, 531 F. Supp. 2d 29, 38 (D.D.C. 2008) (quoting *Sussman*, 494 F.3d at 1114) (other citation omitted) (alterations in original). Hence, "[t]he government meets its burden by demonstrating that release of the requested information would reveal 'the size, scope

and direction of [the] investigation' and thereby 'allow for the destruction or alteration of relevant evidence, and the fabrication of fraudulent alibis.' " *Boyd v. Crim. Div. of U.S. Dep't of Justice*, 475 F.3d 381, 386 (D.C. Cir. 2007) (quoting *Alyeska Pipeline Serv. Co. v. U.S. Envtl. Prot. Agency*, 856 F.2d 309, 312 (D.C. Cir. 1988)) (alteration in original).

Defendant invoked exemption 7(A) to withhold "information from, and the file numbers of, pending FBI investigations into the criminal activities of various third parties." Hardy Decl. ¶ 32. According to Hardy, disclosure of such information at this time would "prematurely[] reveal[] the nature, scope, focus, or direction of the [FBI's] investigation" of third parties that is "on-going," and "allow [the targets of the investigation] to elude detection or tamper with evidence; and/or compromis[e] evidence and sensitive law enforcement information." *Id*.

The Court finds that defendant properly applied exemption 7(A) to the withheld material. Plaintiff's counter that the documents containing the exempted information are "9 to 11 years old" neither creates a genuine dispute of material fact nor rebuts the presumption of good faith accorded the Hardy declaration. *See Boyd*, 475 F.3d at 386 (affirming application of exemption 7(A) where "the government's affidavit states that the investigation at issue involves the 'ongoing collection of data' and that the withheld records relate to 'potential criminal proceedings against individuals' ") (citations omitted). This is particularly so here because the investigatory records are "indexed under other names" and mention plaintiff only tangentially. Hardy Decl. ¶ 21; *see id*. ¶ 16 (distinguishing main files "carr[ying] the name corresponding with a subject of a [CRS] file" from a "cross reference" that "is generally only a mere mention or reference to an individual . . . contained in a document located in [a] main file on a different subject matter"). Hence, defendant is entitled to summary judgment on this claimed exemption.

Exemption 7(C)

As is the FBI's practice, defendant invoked exemption 6 in conjunction with exemption 7(C) as justification for withholding certain information. *See Roberts v. FBI*, 845 F. Supp. 2d 96, 102 n.2 (D.D.C. 2012). Since the requested records are law enforcement records, the Court will address the FBI's justification for withholding information only under FOIA exemption 7(C). *See id*. (finding no need to consider exemption 6 separately where the information withheld under that exemption is also protected from disclosure under exemption 7(C)).

Exemption 7(C) protects law enforcement records "to the extent that" disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). Plaintiff has not challenged defendant's proper invocation of exemption 7(C) to redact the identifying information of various categories of third-party individuals. *See* Hardy Decl. ¶¶ 35-44. Such information is categorically exempt from disclosure absent a showing, not made here, that the public's interest in the exempt information outweighs the substantial privacy interests at stake. *Nation Magazine v. United States Customs Serv*., 71 F.3d 885, 896 (D.C. Cir. 1995); *see Blackwell*, 646 F.3d at 41 ("As a result of [e]xemption 7(C), FOIA ordinarily does not require disclosure of law enforcement documents (or portions thereof) that contain private information.") (citing cases); *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1205 (D.C. Cir. 1991) (the privacy interests of third parties mentioned in law enforcement records are "substantial"); *Roberts*, 845 F. Supp. 2d at 103 (summarizing cases); *see also Nat'l Archives and Records Admin. v. Favish*, 541 U.S. 157, 172 (2004) (discussing the public interest standard and the requester's burden to satisfy that standard). Hence, defendant is entitled to summary judgment on this claimed exemption.

Exemption 7(D)

Plaintiff also has not challenged defendant's invocation of exemption 7(D), which protects from disclosure the records or information compiled for law enforcement purposes that:

> could reasonably be expected to disclose the identity of a confidential source . . . [who] furnished information on a confidential basis, and, in the case of a record or information compiled by criminal law enforcement authority in the course of a criminal investigation . . ., information furnished by a confidential source.

5 U.S.C. § 552(b)(7)(D). "A source is confidential within the meaning of exemption 7(D) if the source provided information under an express assurance of confidentiality or in circumstances from which such an assurance could be reasonably inferred." *Williams v. Fed. Bureau of Investigation*, 69 F.3d 1155, 1159 (D.C. Cir. 1995) (internal quotation marks and citation omitted). "[E]xpress confidentiality is relatively easy to spot," *Brown v. Fed. Bureau of Investigation*, 873 F. Supp. 2d 388, 406 (D.D.C. 2012), and may be shown by "notations on the face of the withheld document." *Campbell*, 164 F.3d at 34.

Defendant invoked exemption 7(D) in conjunction with exemptions 6 and 7(C) to withhold the identifying information of a confidential informant as "evidenced by the words 'PROTECT IDENTITY' when the individual's name is referenced in the file." Hardy Decl. ¶ 48. The Court has already found the identifying information to be protected under exemption 7(C), but exemption 7(D), by its terms, also protects the information that the confidential informant supplied to the FBI. Since each of the 16 pages withheld in their entirety is described as "a FBI interview of a Confidential Source who provided information concerning an ongoing FBI Investigation," *Vaughn* index (Hammouda-18, 28, 29, 31-33, 35-40, 44, 69, 70, 72), the Court finds that the information is protected under exemption 7(D) as confidential source

material obtained under an express assurance of confidentiality.  Hence, defendant is entitled to summary judgment on this claimed exemption as well.

Exemption 7(E)

Exemption 7(E) protects from disclosure law enforcement records "to the extent that the production of such law enforcement records or information . . . would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E).  "Under [D.C. Circuit] precedents, [e]xemption 7(E) sets a relatively low bar for the agency to justify withholding: 'Rather than requiring a highly specific burden of showing how the law will be circumvented, exemption 7(E) only requires that the [agency] demonstrate logically how the release of the requested information might create a risk of circumvention of the law.' " *Blackwell*, 646 F.3d at 42 (quoting *Mayer Brown LLP v. IRS*, 562 F.3d 1190, 1194 (D.C. Cir. 2009)).

Defendant invoked this exemption "to protect procedures and techniques used by FBI agents to conduct criminal investigations."  Hardy Decl. ¶ 50.  According to Hardy, disclosing the information "could enable criminals to educate themselves about . . . investigative techniques and procedures employed for the location and apprehension of individuals in particular types of investigations and, therefore, allow these individuals to take countermeasures to circumvent the effectiveness" of such techniques "to continue to violate the law."  *Id*.  Hardy further states that to be any more specific about the procedures and techniques "would reveal the very information the FBI seeks to protect."  *Id*.

Plaintiff disputes defendant's application of exemption 7(E) "in light of [her] allegations of governmental wrongdoing regarding evidence tampering in her criminal trial."  Pl.'s Opp'n at

12

2. But "the court is called upon to balance the conflicting interests and values involved" only when considering exemptions 6 and 7(C).[5] *Lesar v. U.S. Dep't of* Justice, 636 F.2d 472, 486 n.80 (D.C. Cir. 1980). For all other exemptions, "Congress has struck the balance and the duty of the court is limited to finding whether the material is within the defined category." *Id*. Since plaintiff has not questioned the asserted procedures and techniques or the asserted harm from their disclosure, the Court finds that defendant is entitled to summary judgment on its reasonable invocation of exemption 7(E).

Exemption 7(F)

FOIA exemption 7(F) protects from disclosure law enforcement records that "could reasonably be expected to endanger the life or physical safety of any individual." 5 U.S.C. § 552(b)(7)(F). "Within limits, the Court defers to the agency's assessment of danger." *Amuso v. U.S. Dep't of Justice*, 600 F. Supp. 2d 78, 101 (D.D.C. 2009). "In general, this exemption has been interpreted to apply to names and identifying information of law enforcement officers, witnesses, confidential informants and other third persons who may be unknown to the requester." *Antonelli v. Federal Bureau of Prisons*, 623 F. Supp. 2d 55, 58 (D.D.C. 2009) (citations omitted). Defendant invoked this exemption to redact identifying information of "an individual who provided information to the FBI about alleged criminal activities," which if disclosed "could reasonably be expected to endanger his/her life and/or physical safety." Hardy

---

[5] Even if plaintiff's allegation of wrongdoing was considered under exemption 7(C), the result would be the same since an overriding public interest in disclosure generally "does not include helping an individual obtain information for [her] personal use" to overturn a conviction. *Oguaju v. U.S.*, 288 F.3d 448, 450 (D.C. Cir. 2002), *vacated and remanded on other grounds*, 124 S.Ct. 1903 (2004), *reinstated*, 378 F.3d 1115 (D.C. Cir. 2004) (citation omitted); *see Blackwell v. FBI*, 646 F.3d 37, 41 (D.C. Cir. 2011) (requests for third-party information in law enforcement files are "strongly disfavored . . . particularly . . . when the requester asserts a public interest – however it might be styled – in obtaining information that relates to a criminal prosecution") (citation omitted).

Decl. ¶ 52.  Hardy bases this statement on the "source's current environment and circumstances, and the subject matter and detailed nature of the information this source provided . . . ." *Id*. Plaintiff has not disputed defendant's reasonable justification.  Hence, defendant is entitled to summary judgment on this claimed exemption.

      3.  <u>The Segregability of Responsive Records</u>

The Court is required to determine whether defendant has released all reasonably segregable portions of the responsive records.  *See Trans-Pacific Policing Agreement v. United States Customs Service*, 177 F.3d 1022, 1026-28 (D.C. Cir. 1999).  Hardy states that the responsive documents were "carefully examined" and "that all non-exempt information has been released to plaintiff or is so inextricably intertwined with exempt information that it cannot reasonably be segregated and released."  Hardy Decl. ¶ 53.  Defendant has shown that the 16 pages withheld in their entirety are confidential source material, which the Court has already found protected from disclosure under exemption 7(D).  In addition, the Court, having examined the redacted pages alongside the Hardy declaration, further finds that defendant has shown that it released all reasonably segregable portions of the redacted pages.  Hence, the Court declines plaintiff's invitation to review the 16 withheld pages *in camera*, *see* Pl.'s Opp'n at 3, as both unwarranted on the record and disfavored under this circuit's precedent.  *See, e.g., Hayden v. N.S.A.*, 608 F.2d 1381, 1387 (D.C. Cir. 1979).

## CONCLUSION

For the foregoing reasons, the Court concludes that defendant has satisfied its disclosure

obligations under FOIA and is entitled to judgment as a matter of law.  A separate Order accompanies this Memorandum Opinion.

_____s/_____<br>
JOHN D. BATES<br>
United States District Judge

DATE:  January 31, 2013